## VIGIL *v.* PRADT.

*(Supreme Court of New Mexico. January Term, 1889.)*

1. ELECTIONS—CONTEST—SERVICE OF ANSWER.
    Comp. Laws N. M. § 1898, provides that original process shall be served by reading the process, or by delivering a copy of the same to defendant, or by delivering a copy to some person over 15 years, at his place of abode, or by posting in the most "public part of defendant's premises." Section 1238 provides that in election contests a copy of the answer or reply shall be served in the same manner as process is served in an action at law. *Held*, that such answer could not be served by posting it on a house once occupied by the contestant, but vacated before the posting, and 50 miles distant from his actual place of residence, where he was publicly living.

2. SAME.
    Section 1235, providing that the answer in an election contest shall be filed and copy served within 20 days, takes from the judge all discretion as to extending the time for such filing and service, and, after the original answer is stricken out for want of proper service, the court cannot, after the 20 days have expired, grant leave to contestee to serve a copy of the answer on contestant.

Appeal from Second district court.

Action by F. X. Vigil to contest the right of George H. Pradt to hold the office of county assessor. From an order striking out the answer of Pradt the latter appeals.

*H. L. Warren* and *J. F. Chaves*, for appellant. *N. B. Field* and *N. C. Collier*, for appellee.

LONG, C. J. Francisco X. Vigil, a resident of the county of Valencia, and George H. Pradt, who is the appellant in this court, were opposing candidates for the office of county assessor. The board of canvassers of said county delivered to the said Pradt a certificate of election, whereupon Vigil proceeded to contest the right of Pradt to hold the office, and within the time required, and in the form required, filed his notice of contest in the office of the clerk of the district court of Valencia county, and said notice was served on the contestee as required by law. The respondent, Pradt, filed his answer in the office of said clerk within 20 days after service upon him of said notice of contest, and caused a copy of such answer to be posted at a certain dwelling-house in the

[1] Same case, 3 N. M. 179.

precinct of Los Chavez, in said county. On the 7th day of February, 1887, the contestant filed in the office of said clerk a motion to strike out the said answer, among other reasons, for that no copy of said answer was ever served on the contestant in the manner and within the time prescribed by law, and with such motion the contestant also filed his own affidavit, relating to his place of residence, at the date when the said copy of answer was posted on said dwelling in Los Chavez. On the 20th day of April, A. D. 1887, by agreement of parties, evidence was heard by the court in support of the averment of the motion as to the place of contestant's residence at the date of the posting of such copy of the answer. On the 25th day of April, 1887, the contestee filed in the court a written motion, asking leave to serve upon the contestant a copy of the contestee's answer to the contestant's notice. On the 28th day of April, the court overruled the contestee's motion for leave to serve a copy of answer to the notice of contest on contestant, and this action of the court is now sought to be reversed by the contestee, and is one of the grounds of error, and assigned in this court. On the 4th day of May, 1887, the court found that the answer to the notice of contest had not been served on the contestant as required by law, sustained the motion of contestant to strike out the same, and on the averments of the notice of contest found and decreed in favor of contestant, giving him thereby the possession of said office, and this action of the court is also assigned for error.

It is stipulated by the parties that the averments of the notice, if taken as true, are sufficient to require the court below to give the judgment rendered, and also stipulated that the answer in its averments was sufficient, in both form and substance, to constitute a good answer to the notice of contest. The questions to be decided here are—*First*, whether the leave asked to serve a copy of the answer should have been granted; *second*, whether the court was right in striking out the answer to the contestant's notice; and the determination of both these questions depends upon the construction given to the statutes of this territory relating to contest of elections. On the motion to strike out, the evidence proved, and the court evidently found, that Vigil, the contestant, from July, 1886, was and resided at a place known and called "La Ojo de la Ternera," and about 50 miles distant from the precinct of Los Chavez, where the copy of the answer was posted. The notice of contest was filed December 7, 1886, and presumably served in 20 days; so that, both at the time of the commencement of the contest, the service of the notice thereof, and when the copy of the answer was posted, the contestant lived about 50 miles distant from the place of posting, and within Valencia county. Comp. Laws, § 1235, of this territory, is as follows: "The respondent shall file his answer to the notice of contest, and serve a copy thereof on the contestant within twenty days from and after the service of such notice of contest upon him, exclusive of the day of such service; and any material fact alleged in the notice of contest, not specifically denied by the answer, within the time aforesaid, shall be taken and considered as true." Section 1238: "A copy of the notice of contest, answer, and reply shall be served, respectively, in the same manner as process is now by law required to be served in an action at law." Section 1236: "The respondent now alleges in his answer any new matter, material to the issue, showing that the contestant is not legally entitled to the office in controversy; and, if he claims that illegal votes have been cast or counted for the contestant, he must specify in his answer the name of each person whose vote was so illegally cast or counted, the precinct where he voted, and the facts showing such illegality." The great importance to the contestant of the answer is at once perceived, upon a consideration of the foregoing last-quoted section. The answer may allege new matter, and is in some sense an affirmative statutory pleading, upon which the contestee may himself take the affirmative; and so it would become of the utmost moment that the contestant should at an early day understand fully the issue to be tried,

that he might prepare himself with the necessary evidence with which to meet it.

To determine the manner in which the answer must be served, it becomes necessary to refer to the mode provided by law for the service of process in an action at law. This is provided for in section 1898, which is as follows: "Sec. 1898. All original process from any of the courts in this territory shall be executed by the proper officer, as follows: *First,* by reading the original process to the defendant, and delivering a copy thereof, if required; *second,* by delivering a copy of the original process to the defendant; *third,* if the defendant be absent, by delivering a copy of the original process to some person residing at the usual place of abode of the defendant, over fifteen years of age; *fourth,* if no such person be found willing to accept a copy of the process as above provided for, then by posting the same in the most public part of the defendant's premises."

It is apparent that the contestee attempted to make service of his answer under the fourth specification of section 1898. Two valid reasons exist why this could not be good service. The first is that so long as the contestant resided publicly and openly in Valencia county, where he could, upon proper inquiry, be found, and his place of residence ascertained, service could not be made by posting a copy upon his premises elsewhere than where he resided. The second is that there is no evidence whatever that the place of posting was at the time of posting or afterwards the defendant's premises, but, to the contrary, the proof is that the posting was at a place long before the time of the posting vacated by him. So long as the contestant was living publicly in Valencia county, he could not be legally served by posting a copy of the answer on a house once occupied by him, but vacated before the posting, and then 50 miles distant from his actual place of residence. This proposition is too plain to need argument to enforce it. The court did right in striking out the answer, unless it be held that no service of the same was necessary.

The plain language of the statute (section 1235) is: "The respondent shall file his answer to the notice of contest, and serve a copy thereof on the contestant within twenty days," etc. There is no ambiguity about this phraseology. It requires, not the filing alone, but both the filing and service by copy. Should the court have permitted service, asked at a later day, the plain words of the statute are that service shall be made in 20 days,—not 20 days, or as soon as can be thereafter, or at some other time, but within 20 days. If this were an original and open question, to be now decided by this court for the first time, the argument maintaining the statute to be mandatory would be considered as of great force. The pleadings and practice are fully provided for in the statute, and the same in all particulars specified, so that the proceeding is a special one, and complete within itself. The remarks made by Mr. McCrary, in his work on Elections, (section 392,) are applicable here: "Promptness in commencing and prosecuting the proceedings is of the utmost importance, to the end that a decision may be reached before the term has wholly or in great part expired."

The whole proceeding provided clearly indicates that the legislature intended to provide a speedy remedy for the determination of such questions. This purpose is especially emphasized in section 1239: "All issues of law and of fact, in any such case of contested election, shall be tried before the district judge at such time and place, within the judicial district in which the case arose, as shall be designated by his order; and judgment rendered by him, either in vacation or in term, as shall be most convenient, and in furtherance of a speedy trial and determination of the case." The notice, answer, reply, and service all show a purpose to speed the determination. Court, for the purpose of this proceeding, is always in session. This case is, however, fully decided in *Bull* v. *Southwick,* 2 N. M. 323. In that case the respondents, deeming it material, in the trial court asked leave to file a supplemental an-

swer, which leave was refused. The opinion of the trial judge seems to have been adopted by the supreme court, and contains the following forcible observations, (page 363:) "It is also my opinion that the very object of the statute in regard to pleadings and practice in contested election cases is to afford, and at the same time compel, the observance of a speedy mode for conducting and determining such cases. Its language is plain and free from all ambiguity. There is no room for mistaking its purport and meaning, and I cannot conceive of any reasonable excuse for not following its provisions by either party. These statutory provisions as to the time of filing and serving the notice of contest, answer, and reply are, in effect, statutes of limitation, taking from the judge all discretion as to extending the time. Experience has demonstrated that, without some compulsory mode as to the time of making up issues and their trial in contested election cases, subterfuges and delays might and would be successfully resorted to, so that a final determination could not be reached before the term of office would expire. This statutory proceeding between rival candidates alone is a special proceeding, complete in itself, conferring a special jurisdiction on the district court, and to which the general rules and law of the court as to the time of the pleading, and the discretion of the district judge in extending the time, do not apply." Justice PARKS, in delivering the opinion of the court, said: "Nearly a year since, in a contested election case in my own district, I was obliged to examine and construe the statute which is in question in this. I then held that the law was mandatory, and have not found any reason in the argument or examination of this case to change my opinion." Mr. Justice PARKS concludes, after speaking of certain authorities cited: "It is the duty of the court to avail itself of all such lights, but to use its own judgment in construing this statute, and not permit it to be practically repealed by a construction, not only too liberal to be wise, but too loose to be safe." Unless the foregoing case is overruled, the court below must be sustained in this cause. Believing the construction given to the statute in *Bull* v. *Southwick* to be founded in sound principles, it is our duty to follow it. Finding no error in the record, the judgment below is affirmed.

HENDERSON and REEVES, JJ., concur.